IN CLARKE SUPERIOR COURT, FEBRUARY, 1833.

## The State *vs.* Peter Ashley.

### *Indictment.*

The prisoner was indicted and convicted under a law to which no penalty was annexed by the legislature: On motion in arrest of judgment, the court discharged him, and arrested all further proceedings.

THIS is an indictment for retailing spirituous liquors without a license from the commissioners of the town of Athens, and on which the defendant was found guilty.

On the trial the defendant produced in evidence a license to retail, from the Inferior Court of the county. The defendant now moves in arrest of judgment, and for his discharge, on the ground that the law imposes no punishment on the act of retailing without a license from the commissioners of the town of Athens.

This Bill of Indictment has been preferred and found on the third section of the statute of 1831, (pamphlet, p. 242.) which is in these words. " That no person shall be allowed to retail spirituous liquors, &c. within said town corporation, but in pursuance of a license from the commissioners aforesaid, which license they or a majority of them shall have authority to grant to applicants, upon payment of such amount as such commissioners may deem proper."

Neither this nor any other section of said statute imposes any penalty for retailing spirituous liquors, without such license from the commissioners. But the Solicitor General insists that the penalty of ten pounds, imposed by the statute of 1791, should be inflicted in this case. If there was no statute on the subject, but that of 1831, there could be no doubt of the prisoner's right to a discharge ; for no punishment could be adjudged against him, unless the court should do what the legislature seems to have forgotten, by enacting a penalty.

Can the penalty in the statute of 1791, (Prince, 487.) be inflicted in this case ? These two statutes are penal, and the court must be sufficiently strict in their construction to see to it, that no act of the citizen shall become criminal, or any punishment inflicted which does not come clearly within the statutes. The statute of 1791, declares it criminal for any one to retail without a license from the Inferior Court of the county, and imposes a penalty of ten pounds. Is the defendant here charged with the offence of retailing without a license from the Inferior Court ? No. He has exhibited to this court such a license. Take both statutes together, and in

neither can there be found any penalty imposed for retailing without a license from the commissioners of the town of Athens.

In the statute of 1831, under which the defendant is now prosecuted, there is no reference made to the statute of 1791 at all, and to inflict the penalty of the latter statute on an act made penal some thirty years afterwards, without any reference to the former law, is more than can be legally done.

The defendant must therefore be discharged, and all further proceedings arrested.